RECORDING REQUESTED BY

WHEN RECORDED, MAIL TO:

CLERK, U.S. DISTRICT COURT
312 No. SPRING STREET, Rm. G-8
LOS ANGELES, CALIFORNIA 90012

FILED
CLERK, U.S. DISTRICT COURT
SEP 25 2015
CENTRAL DISTRICT OF CALIFORNIA
BY ____ DEPUTY

09/24/2015
*20151187775*

(SPACE ABOVE THIS LINE FOR RECORDER'S USE)

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS
INCORPORATING BY REFERENCE CERTAIN PROVISIONS OF A FICTITIOUS DEED OF TRUST OF RECORD

**THIS DEED OF TRUST**, Made this __21__ day of __SEPTEMBER__, __2015__ between __Armen Ktshozyan and Izabella Shakmuradova__, herein called TRUSTOR, whose address is __1125 E. Maple St. #8, Glendale CA 91205__; __FIRST CORPORATE SOLUTIONS 914 S STREET, SACRAMENTO CA 95811__ herein called TRUSTEE; and Clerk, U.S. District Court, Central District of California, herein called BENEFICIARY; **WITNESSETH:** That Trustor irrevocably grants, transfers and assigns to trustee in trust, with power of sale that property in __LOS ANGELES__ County, California, common address __1125 E. MAPLE STEET, UNIT 8, GLENDALE, CA 91205__, legally described as:

LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A" AND MADE A PART HEREOF

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph B(5) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits, for the purpose of securing: 1. Performance of each agreement of Trustor incorporated by reference or contained herein under bond(s) posted on behalf of defendant(s) __ARTASHES DARBINYAN__ in Case No. __15-MJ-1736__, which includes an obligation by said Trustor(s) surety(ies) in the amount of $ __150,000.00__ .

To protect the security of this Deed of Trust, and with respect to the property above described, Trustor expressly makes each and all of the agreements, and adopts and agrees to perform and be bound by each and all of the terms and provisions set forth in subdivision A of that certain Fictitious Deed of Trust referenced herein, and it is mutually agreed that all of the provisions set forth in subdivision B of that certain Fictitious Deed of Trust recorded in the book and page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, namely:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 1288 | 556 | Kings | 858 | 713 | Placer | 1028 | 379 | Sierra | 38 | 187 |
| Alpine | 3 | 130-31 | Lake | 437 | 110 | Plumas | 166 | 1307 | Siskiyou | 506 | 762 |
| Amador | 133 | 438 | Lassen | 192 | 367 | Riverside | 3778 | 347 | Solano | 1287 | 621 |
| Butte | 1330 | 513 | Los Angeles | T-3878 | 874 | Sacramento | 71-10-26 | 615 | Sonoma | 2067 | 427 |
| Calaveras | 185 | 338 | Madera | 911 | 136 | San Benito | 300 | 405 | Stanislaus | 1970 | 56 |
| Colusa | 323 | 391 | Marin | 1849 | 122 | San Bernardino | 6213 | 768 | Sutter | 655 | 585 |
| Contra | 4684 | 1 | Mariposa | 90 | 453 | San Francisco | A-804 | 596 | Tehama | 457 | 183 |
| Del Norte | 101 | 549 | Mendocino | 667 | 99 | San Joaquin | 2855 | 283 | Trinity | 108 | 595 |
| El Dorado | 704 | 635 | Merced | 1660 | 753 | San Luis Obispo | 1311 | 137 | Tulare | 2530 | 108 |
| Fresno | 5052 | 623 | Modoc | 191 | 93 | San Mateo | 4778 | 175 | Tuolumne | 177 | 160 |
| Glenn | 469 | 76 | Mono | 69 | 302 | Santa Barbara | 2065 | 881 | Ventura | 2607 | 237 |
| Humboldt | 801 | 83 | Monterey | 357 | 239 | Santa Clara | 6626 | 664 | Yolo | 769 | 16 |
| Imperial | 1189 | 701 | Napa | 704 | 742 | Santa Cruz | 1638 | 607 | Yuba | 398 | 693 |
| Inyo | 165 | 672 | Nevada | 363 | 94 | Shasta | 800 | 633 | | | |
| Kern | 3756 | 690 | Orange | 7182 | 18 | San Diego Series 5 | 1964 | 149774 | | | |

shall inure to and bind the parties hereto, with respect to the property above described. Said agreements, terms and provisions contained in said subdivisions A and B, (identical in all counties) are preprinted on the reverse page hereof and are by the within reference thereto, incorporated herein and made a part of this Deed of Trust for all purposes as fully as if set forth at length herein, and Beneficiary may charge for a statement regarding the obligation secured hereby, provided the charge thereof does not exceed the maximum allowed by law.

CR-5 (01/09)        SHORT FORM DEED OF TRUST        Page 1 of 4

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to said Trustor at the address hereinbefore set forth.

X _____   _____ Armen Ktshozyan _____
Signature of Trustor                          Print Name of Trustor

X _____   _____ Izabella Shakmuradova _____
Signature of Trustor                          Print Name of Trustor

State of _____   ss.   _____
                                         County of

On _____ before me, _____ personally appeared
                               (name, title of officer, i.e., "Jane Doe, Notary Public")

_____

proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

X _____ SEE ATTACHED _____
Signature

---

**CERTIFICATE OF RECORDATION**
(To be used only by Office of the Clerk.)

This is to certify that the interest in real property conveyed by the deed dated _____
from _____ to CLERK, U.S. DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, a governmental agency, is hereby accepted by order of the Court on _____,
and the grantee consents to recordation thereof by its duly authorized Deputy Clerk(s).

CLERK, UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

_____       _____
Date                          By Deputy

**REQUEST FOR FULL RECONVEYANCE**
(To be used only when note has been satisfied)

To _____, Trustee Dated _____

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness secured by said Deed of Trust, delivered to you herewith together with the said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

Mail Reconveyance To:        Clerk, U. S. District Court
                             Central District of California


                             _____
                             Deputy Clerk

*Do not lose or destroy this Deed of Trust or THE NOTE which it secures.*
*Both must be delivered to the Trustee for cancellation before reconveyance will be made*

---

## DO NOT RECORD

The following is a copy of Subdivisions A and B of the fictitious Deed of Trust recorded in each county in California as stated in the foregoing Deed of Trust and incorporated by reference in said Deed of Trust as being a part thereof as if set forth at length therein.

A. To protect the security of this Deed of Trust, Trustor agrees:

(1) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2) To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

(4) To pay, at least ten days before delinquency, all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may, make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, or the rights or powers of Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge, or lien which in the judgement of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his or her reasonable fees.

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby, any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

B. It is mutually agreed:

(1) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him or her in the same manner and with the same effect as above provided for regarding disposition of proceeds of fire or other insurance.

(2) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his or her right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(3) That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(4) That upon written request of Beneficiary stating that all sums secured hereby have been satisfied, and upon surrender of this Deed and said note to Trustee for cancellation and retention or other disposition as Trustee in its sole discretion may choose and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The Grantee in such reconveyance may be described as "the person or persons legally entitled thereto."

(5) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his or her own name sue for or otherwise collect such rents, issues, and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(6) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(7) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded, and the name and address of the new Trustee.

(8) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors, and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or the neuter, and the singular number includes the plural.

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**　　　　　　　　**CIVIL CODE § 1189**

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California )
County of __LOS ANGELES__ )

On __SEP 22, 2015__ before me, __ROBIN JOHN RUTT, NOTARY PUBLIC__,
　　　　Date　　　　　　　　　　　　　　　　　　　Here Insert Name and Title of the Officer

personally appeared __ARMEN KTSHOZYAN AND IZABELLA SHAKMURADOVA__,
　　　　　　　　　　　　　　　　　Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature ___Robin John Rutt___
　　　　　　Signature of Notary Public

[Notary Seal: ROBIN JOHN RUTT, Commission # 2119324, Notary Public - California, Los Angeles County, My Comm. Expires Jul 13, 2018]

Place Notary Seal Above

——————————— OPTIONAL ———————————
*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: _____  Document Date: _____
Number of Pages: _____  Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**
Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited  ☐ General
☐ Individual    ☐ Attorney in Fact
☐ Trustee      ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited  ☐ General
☐ Individual    ☐ Attorney in Fact
☐ Trustee      ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5907

# EXHIBIT "A"

THE LAND REFERRED TO HEREIN IS SITUATED IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

A CONDOMINIUM COMPRISED OF:

PARCEL 1:

A) AN UNDIVIDED .0162 PERCENT INTEREST IN AND TO LOT 1 DF TRACT ND. 40189, IN THE CITY OF GLENDALE, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN .BOOK 996, PAGES 52 AND 53, OF MII.PS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM UNITS 1 TO 44 INCLUSIVE AS DEFINED AND DELINEATED ON THE CONDOMINIUM PLAN RECORDED DECEMBER 7, 1981 AS INSTRUMENT NO. 81-1194961, OFFICIAL RECORDS.

B) UNIT 8 AS DEFINED AND DELINEATED ON THE ABOVE REFERRED TO CONDOMINIUM PLAN.

PARCEL 2:

AN EXCLUSIVE EASEMENT APPURTENANT TO PARCEL 1 ABOVE, FOR ALL USES AND PURPOSES OF A "BALCONY" OVER AND ACROSS THAT PORTION OF LOT 1 OF SAID TRACT NO. 40189 DEFINED AND DELINEATED AS "EXCLUSIVE USE AREA" WHICH BEARS THE SAME NUMBER AS THE UNIT REFERRED TO IN PARCEL 1 ABOVE PRECEDED BY THE LEITER "B" ON THE ABOVE REFERRED TO CONDOMINIUM PLAN.

PARCEL 3:

AN EXCLUSIVE EASEMENT, APPURTENANT TO PARCEL 1 ABOVE, FOR ALL USES AND PURPOSES OF A "PARKING SPACE" OVER AND ACROSS THAT PORTION OF LOT 1 OF SAID TRACT NO. 40189 DEFINED AND DELINEATED AS "EXCLUSIVE USE AREA" WHICH BEARS THE SAME NUMBER AS THE UNIT REFERRED TO IN PARCEL 1 ABOVE PRECEDED BY THE LEITER "P", ON THE ABOVE REFERRED TO CONDOMINIUM PLAN.

ASSESSOR'S PARCEL NUMBER: 5675-010-034

**This page is part of your document - DO NOT DISCARD**



# 20151187775



Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**09/24/15 AT 11:58AM**

Pages: 0007

|  |  |
|---|---:|
| FEES: | 58.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 58.00 |



**LEADSHEET**



201509241890034

**00011171204**



007097640

**SEQ:
01**

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**



E521957

This is a true and certified copy of the record if it bears the seal, imprinted in purple ink, of the Registrar-Recorder/County Clerk

SEP 24 2015

Dean C. Logan REGISTRAR-RECORDER/COUNTY CLERK
LOS ANGELES COUNTY, CALIFORNIA